UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PAUL MICHAEL CAPE,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-654-RLM-MGG

RUSSEL OLMSTEAD, et al.,

    Defendants.

OPINION AND ORDER

Paul Michael Cape, a prisoner without a lawyer, filed an amended complaint regarding inadequate medical care and various conditions of confinement at the St. Joseph County Jail. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Cape alleges that he was asked about any medical conditions when he arrived at the St. Joseph County Jail on February 18, 2021. Mr. Cape said he had nerve damage and chronic pain from a previous knee surgery. He also reported that he had been diagnosed with major anxiety, major depression, PTSD, and bipolar

disorder. He reported that he had been seeing a therapist and had been prescribed several medications for these conditions. He further reported that he was not suicidal.

The medical staff at St. Joseph County Jail placed him on suicide watch until March 2. While on suicide watch, he reports that he was naked, the lights were on 24-hours each day, and he had to sleep on a cold metal bed without a mattress. This caused him physical and emotional pain, and it worsened his mental health conditions. At one point, due to stress and poor nutrition, he vomited while on suicide watch. The mess wasn't cleaned up for twelve hours, causing him more distress. Additionally, his medications were withheld for over 200 days. Mr. Cape sues Warden Russel Olmstead, Sheriff William Redman, and the St Joseph County Police. He seeks monetary damages and injunctive relief in the form of proper medical care and medications.

While Mr. Cape requests proper medical care and medications, his complaint concedes that he is now receiving medications for his conditions, and he makes no mention of any other needed medical care that he isn't receiving. Therefore, any claim for injunctive relief cannot proceed.

Other than listing Warden Russel Olmstead and Sheriff William Redman as defendants, the amended complaint doesn't mention them. Mr. Cape hasn't alleged that they were personally involved in any of the circumstances he describes. Defendants cannot be held individually liable based solely on their supervisory position over others or their status as an employer. Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but

2

not for anyone else's." *Id*. at 596. Mr. Cape can't proceed against Warden Russel Olmstead and Sheriff William Redman.

The only other defendant that Mr. Cape includes in his amended complaint is the St. Joseph County Police. To the extent he is trying to sue the police officers, he can't proceed because he can't sue unnamed staff members. *See* Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). To the extent Mr. Cape intended to sue the Saint Joseph County Police Department, he can't proceed because it is not a suable entity. It is a department within Saint Joseph County, not a person or a policy-making body that can be sued for constitutional violations. *See* Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012); Sow v. Fortville Police Department, 636 F.3d 293, 300 (7th Cir. 2011).

This complaint doesn't state a claim for which relief can be granted. Mr. Cape can have another chance to amend his complaint if he believes he can state a claim based on (and consistent with) the events described in his amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly

3

completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Paul Michael Cape until **December 3, 2021**, to file a second amended complaint; and

(2) CAUTIONS Paul Michael Cape if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 29, 2021

                                            s/ Robert L. Miller, Jr.
                                            JUDGE
                                            UNITED STATES DISTRICT COURT